UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RONALD SEATON, | : | |
| | : | |
| Petitioner, | : | Civ. No. 14-2331 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JORDAN HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. Petitioner was found guilty of possession with intent to deliver cocaine, possession of a firearm in furtherance of a drug trafficking crime and possession of a firearm by a felon. Petitioner received a sentence of 240 months imprisonment in 2005. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On April 25, 2014, the Court administratively terminated this case as petitioner had not paid the filing fee and his application to proceed *in forma pauperis* was incomplete. Subsequently, petitioner paid the $5.00 filing fee. Therefore, the Clerk will be ordered to reopen this case. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II.   BACKGROUND

Petitioner received a 240-month prison sentence from the United States District Court for the Eastern District of Pennsylvania in 2005 for his crimes. The United States Court of Appeals for the Third Circuit affirmed the conviction and sentence on appeal. *See United States v.*

*Seaton*, 178 F. App'x 172 (3d Cir. 2006).[1]  Petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 which was denied on the merits.  (*See* E.D. Pa. Crim. No. 04-49 Dkt. No. 81.)  Petitioner subsequently filed two more § 2255 motions that were dismissed as second or successive as they lacked authorization from the Third Circuit to be filed.  (*See* E.D. Pa. Crim. No. 04-49 Dkt. No. 113 (discussing procedural history).)

Petitioner has now filed the instant habeas petition in this Court pursuant to 28 U.S.C. § 2241.[2]  He claims that his sentence is improper as the Court used the modified categorical approach to determine he was a career criminal for purposes of a sentencing enhancement finding.

---

[1] The Court takes judicial notice of the proceedings in petitioner's prior criminal and subsequent federal habeas proceedings.  *See McPherson v. United States*, 392 F. App'x 938, 940 n. 1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

[2] Section 2241 states in relevant part:

> (a)   Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .
> (c)   The writ of habeas corpus shall not extend to a prisoner unless –
>   (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>   (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>   (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>   (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>   (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

### III.     STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV.     DISCUSSION

Petitioner is challenging the sentence he received in the Eastern District of Pennsylvania in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

3

> him, or that such a court has denied him relief, unless it also
> appears that the remedy by the motion is inadequate or ineffective
> to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290 F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id*.  The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge

4

his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Petitioner's claim is that the sentencing court improperly classified him as a career criminal for purposes of a sentencing enhancement finding. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession

with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Petitioner's relies on *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010) and *Descamps v. United States*, - U.S. -, 133 S. Ct. 2276 (2013) in an attempt to establish jurisdiction. Recently, the Third Circuit detailed the *Carachuri-Rosendo* case as follows:

> In *Carachuri-Rosendo*, the Supreme Court considered whether a Texas state drug offense for simple possession qualified under the Immigration and Nationality Act (INA) as an "aggravated felony." In general, a state drug conviction constitutes an aggravated felony if the offense of conviction is analogous to a felony under the federal Controlled Substances Act (CSA). In *Carachuri-Rosendo*, the Court noted that, under the CSA, with certain irrelevant exceptions, simple possession is punishable as a felony only when the defendant has a previous drug conviction. The Supreme Court held that "when a defendant has been convicted of a simple possession offense that has not been enhanced based on the fact of a prior conviction, he has not been convicted under [the INA] of a felony punishable as such under the Controlled Substances Act."

*Mikell v. Recktenwald*, 545 F. App'x 82, 83 n. 1 (3d Cir. 2013) (per curiam) (internal citations omitted). Petitioner's reliance on *Carachuri-Rosendo* to establish jurisdiction in this case is misplaced. Indeed, as previously stated, *Dorsainvil* "allows relief under § 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal." *Mikell*, 545 F. App'x at 84 (citing *Dorsainvil*, 119 F.3d at 251-52). However, petitioner does not allege that he was actually innocent of the drug and firearm offenses for which he was convicted of in this case. Instead, he only asserts that his sentence was improperly enhanced due to a sentencing enhancement finding. As such, his reliance on *Carachuri-Rosendo* to establish jurisdiction is misplaced. *Accord Mikell*, 545 F. App'x at 83-84 (finding petitioner's reliance on *Carachuri-Rosendo* to establish § 2241 jurisdiction is misplaced as petitioner did not allege that he was

actually innocent of the crimes for which he was convicted, but instead only asserted that his sentence was improper).

Petitioner's reliance on *Descamps* to establish that his § 2241 petition is proper is also incorrect. In *Descamps*, the Supreme Court held that federal sentencing courts may not apply the modified categorical approach (i.e., consulting a limited class of documents) to sentencing under the Armed Career Criminal Act when the state crime of which defendant is convicted of has a single, indivisible set of elements. *See* 133 S. Ct. at 2281-82; *see also Jackman*, 535 F. App'x at 89 n. 4 ("*Descamps* held that courts may not apply the modified categorical approach to sentencing under the Armed Career Criminal Act when the crime of which the defendant was convicted has a single, indivisible set of elements). Similar to petitioner's reliance on *Carachuri-Rosendo*, however, *Descamps* does not render non-criminal petitioner's conviction in the Eastern District of Pennsylvania as it only relates to the *sentence* that petitioner received for his crimes. As such, *Descamps* also does not warrant a finding that petitioner's § 2241 is proper. *Accord Jackman*, 535 F. App'x at 89 n. 4. Therefore, petitioner has failed to show that he falls within the *Dorsainvil* "safety-valve" as his petition does not allege that he is actually innocent of the crimes for which he was convicted.[3]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court does

---

[3] It is also worth noting that petitioner's reliance on *United States v. Tyler*, 732 F.3d 241 (3d Cir. 2013) in attempting to establish jurisdiction is also incorrect. In that case, the appellant specifically contended that he was actually innocent and being detained for conduct that had subsequently been rendered non-criminal by the United States Supreme Court's interpretation of a federal statute. *See Tyler*, 732 F.3d at 246. However, in this case, petitioner has only alleged that he is actually innocent of being a career offender which relates to the sentencing enhancement, but not that he is actually innocent of the crimes for which he was convicted.

7

not find it in the interests of justice to transfer this habeas petition to the Third Circuit as a request to file a second or successive § 2255 motion.

## V.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.


DATED: May 23, 2014

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge
